**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**SHAWNA R. CAMPBELL** **PLAINTIFF**

**V.** **CASE NO. 4:25-CV-01095 JM-JTK**

**SOCIAL SECURITY ADMINISTRATION** **DEFENDANT**

# RECOMMENDED DISPOSITION

## I. Procedures for filing Objections:

This Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

## II. Introduction:

Plaintiff, Shawn R. Campbell ("Campbell"), filed an application for disability benefits on October 25, 2022. (Tr. at 13). In the application, she alleged that her disability began on February 15, 2021. *Id*. The application was denied initially and

upon reconsideration. *Id*. After conducting a hearing, an Administrative Law Judge ("ALJ") found that Campbell was not disabled. (Tr. at 13-33). The Appeals Council denied Campbell's request for review of the hearing decision. (Tr. at 1-5). The ALJ's decision now stands as the final decision of the Commissioner, and Campbell has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

## III. The Commissioner's Decision:

The ALJ determined that Campbell has not engaged in substantial gainful activity for most of the period since February 25, 2021, the alleged onset date.[1] (Tr. at 15). The ALJ found, at Step Two, that Campbell has the following severe impairment: degenerative disc disease of the lumbar spine and residual effects status post lumbar fusion. *Id*. At Step Two, the ALJ thoroughly discussed other alleged impairments. *Id*.

The ALJ determined that Campbell did not have an impairment or

---

[1] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

Campbell worked some during the relevant time-period. (Tr. at 15).

combination of impairments that met or medically equaled a Listed Impairment.[2] (Tr. at 18). Next, the ALJ found that Campbell had the residual functional capacity ("RFC") to perform work at the light exertional level, with normal breaks, with the following additional limitation: can only occasionally stoop and crouch. *Id*.

The ALJ determined that Campbell is unable to perform any of her past relevant work. (Tr. at 30). At Step Five, relying upon testimony from a vocational expert ("VE"), the ALJ found that, considering Campbell's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Campbell could perform. (Tr. at 30-31). Therefore, the ALJ concluded that Campbell was not disabled. *Id*.

## IV. **Discussion**:

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the

[2] See 20 C.F.R. Part 404, Subpart P Appendix 1: "Adult Listing of Impairments."

record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole, which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B. Campbell's Arguments on Appeal

Campbell contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. She argues that: (1) the ALJ did not fully develop the record; (2) the ALJ erred at Step Two; (3) the ALJ erred in how she evaluated Campbell's subjective complaints; and (4) the RFC did not incorporate all of her alleged limitations.

1. **Record Development**[3]

The ALJ's opinion was incredibly thorough, detailing evidence of Campbell's relatively normal clinical examinations, well-controlled symptoms, positive response to treatment, and her ability to perform a variety of daily activities.[4] (Tr. at 19-29). The ALJ also considered state-agency reviewing experts' opinions, finding them generally persuasive. (Tr. at 28-30). The ALJ also considered treating providers' opinions, finding them unpersuasive and giving good reasons for this

---

[3] An ALJ does have a basic duty to develop a reasonably complete record. *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011); *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). However, it is well-settled that a claimant has the burden of proving her disability; the ALJ does not have to play counsel for the claimant and the ALJ's duty to develop is not never-ending. *Id*. The ALJ is required to recontact a treating or consulting physician or order further testing only if the medical records presented do not provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011). Absent unfairness or prejudice, reversal for failure to develop the record is not warranted. *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).

[4] I have reviewed the entire record and the briefs and I adopt the ALJ's recitation of Campbell's medical history.

finding. *Id*.

Despite Campbell's allegations that the ALJ should have ordered further examinations as part of a duty to develop the record, there was no glaring inconsistency in the evidence that required subsequent development.[5] Campbell responded well to conservative treatment and could perform daily activities; these factors supported the state-agency expert opinions that she could perform light work. (Tr. at 19-30, 70-87). And those factors undermined the treating provider's opinion that she could perform less than sedentary work. (Tr. at 642-643). Additionally, Campbell's complaints of disabling mental health conditions were countered by relatively normal mental status examinations and positive responses to conservative psychiatric treatment. (Tr. at 26-29). So, the treating psychological provider's restrictive opinion that Campbell was functionally limited was rightly discounted by the ALJ. (Tr. at 28-30, 642-643). I find that the ALJ properly developed the record.

**2. Step Two[6]**

---

[5] "The ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994).

[6] Step Two involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If not, benefits are denied. *Id*. A "severe" impairment significantly limits a claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c); 416.920(c). The claimant has the burden of proving that an impairment is severe. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006).

The ALJ found only one impairment to be severe at Step Two. (Tr. at 15-17). Campbell argues that the ALJ should have found anxiety, depression, congestive heart failure with lower extremity claudication, and vision impairments to be severe impairments a Step Two. As Defendant points out, Campbell did not sufficiently explain how any of these impairments had more than a minimal effect on her ability to work.[7] (Doc. 8 at 9-10). The ALJ considered the record as a whole and discussed all alleged impairments, including Campbell's improvement with conservative treatment, in detail.[8] (Tr. at 15-17, 19-29). Campbell did not carry her burden to show that other impairments were severe at Step Two.

3. **Subjective Complaints**[9]

The ALJ discussed Campbell's relatively routine symptoms, conservative

---

[7] An impairment is not severe if it is a abnormality or combination of abnormalities that has no more than a minimal effect on the ability to do basic work activities. 20 C.F.R. § 404.1522(a); *see also Simmons v. Massanari*, 264 F.3d 751, 755 (8th Cir. 2001).

[8] *Gibbs v. Kijakazi*, 2022 WL 4299732, at *2 (E.D. Ark. Sept. 19, 2022) (no Step Two error when ALJ considered all of the evidence at subsequent Steps of the analysis).

[9] When evaluating a claimant's subjective complaints, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of symptoms; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). "An ALJ need not explicitly discuss each factor," and he may "decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony." *Id*. (internal citations omitted).

treatment, medical imaging, daily activities, the medical opinion evidence, and her improvement over time, all of which showed she was not as limited as alleged.[10] (Tr. at 23-37). Moreover, Campbell worked some during the relevant time-period.[11] (Tr. at 15). The ALJ properly found that her complaints were inconsistent with the record as a whole. (Tr. at 27).

### 4. RFC[12]

The ALJ found that, due to degenerative disc disease, Campbell had the ability to perform light work with only occasional stooping and crouching. (Tr. at 18). There were no mental restrictions in the RFC. For the reasons enumerated above, this RFC sufficiently captured all of Campbell's alleged limitations. Campbell has shown no

---

[10] Objective tests showing mild to moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004). The need for only conservative treatment contradicts allegations of disabling conditions. *Thomas v. Barnhart*, 130 Fed. Appx. 62, 63 (8th Cir. 2005); *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Duvall v. Bisignano*, NO. 4:25-cv-00120 KGB-PSH, 2025 WL 1812626, n. 6 (E.D. Ark. July 1, 2025); *Locher v. Sullivan*, 968 F.2d 725, 728 (8th Cir. 1992).

[11] A claimant's ability to work can show that alleged impairments are not disabling. *Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004).

[12] A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). An ALJ is not required to include limitations in the RFC that are not supported by the evidence in the record. *McGeorge v. Barnhart*, 321 F.3d 766, 769 (8th Cir. 2003).

error with respect to the RFC.

**V. Conclusion:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The record was properly developed, there was no Step Two error, the ALJ properly evaluated Campbell's subjective complaints, and the RFC incorporated all of Campbell's credible limitations. The finding that Campbell was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 29th day of September, 2026.

UNITED STATES MAGISTRATE JUDGE